IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:07-CT-3152-H

| | | |
|---|---|---|
| STUART WAYNE TOMPKINS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| DEPARTMENT OF CORRECTION, et al., | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on Plaintiff's Motion for Request for Admissions (D.E. 36), Motion for Interrogatories and Request for Production of Documents (D.E. 35), second Motion for Production of Documents (D.E. 34), Motion for Default Judgment as to Defendant David Mitchell (D.E. 29), Motion for Permission to file Supplemental Complaint (D.E. 27), Motion to Amend Complaint (D.E. 26), and Motion for Default Judgment (D.E. 20), as well as Defendants' Motion for a Protective Order (D.E. 41). These matters are ripe for disposition.

### Motions for Default Judgment

Plaintiff has filed a Motion for Default Judgment seeking judgment against Defendants Boyd Bennett and Theodis Beck and a Motion for Default Judgment seeking judgment against Defendant Mitchell. Plaintiff's motion seeking default judgment against Defendants Bennett and Beck is DENIED as moot as Plaintiff's claims against these Defendants were dismissed in the court's March 17, 2008 order. (D.E. 21).

As explained in the court's March 17, 2008 Order of Investigation (D.E. 22), North Carolina Prisoner Legal Services (NCPLS) has 90 days to investigate Plaintiff's claims and respond to the court. Defendant then has 30 days after the response by NCPLS to answer the complaint. For these

reasons, Plaintiff's motion for default judgment against Defendant Mitchell is DENIED.

## Motions to Amend and Supplement Complaint

This is the second motion to amend filed by Plaintiff. Under Rule 15(a)(2) of the Federal Rules of Civil Procedure, a party may amend its pleading with the opposing party's written consent or the court's leave. See Fed. R. Civ. P. 15(a)(2). Leave to amend should be granted when justice requires. Id. Where a proposed amendment is clearly frivolous or futile the court may deny leave to amend. 6 Charles A. Wright, Arthur R. Miller & Mary K. Kane, Federal Practice and Procedure:Civil § 1487 (2d Ed. 1990). Likewise, under Rule 15(d) , "[o]n motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading . . ." Fed. R. Civ. P. 15(d)

In his motion to amend which is also a motion for reconsideration under Fed. R. Civ. P. 59, Plaintiff attempts to provide additional facts to show that his claim of retaliatory transfer has merit and should not have been dismissed in the court's previous order. Plaintiff has provided no facts which tend to support his claim of retaliatory transfer. Therefore, his motion to amend and motion for reconsideration of this claim are DENIED.

Plaintiff also seeks to add several new claims. First, in both his amended and supplemental complaints, he claims that he has been denied medical care for two ingrown toenails since October 2007. Plaintiff states that he put in a transfer because he was denied medical treatment and the transfer was denied. He claims his transfer to have the ingrown toenails removed was denied by the Utilization Review Board ("URB") and the medical staff at Mountain View Correctional Institution ("Mountain View") when the doctor requested it in November 2007.

In his supplemental complaint, Plaintiff provides greater detail concerning the alleged

2

deliberate indifference to his ingrown toenails. He names 13 Defendants. Plaintiff claims that while he was housed in segregation, he submitted two sick call requests in the week of October 23, 2007 concerning his ingrown toenails because he was in serious pain. Plaintiff states that he was seen by two nurses in his cell on October 23, 2007. He states that the nurses told him he would be seen by a doctor. Plaintiff claims he did not see a doctor until November 16, 2007. He alleges the doctor told him the ingrown toenails would be removed within four weeks and that he would receive pain pills within three days. Plaintiff states that he did not receive pain pills for five to seven days, and that the ingrown toenails were not removed in four weeks. Plaintiff states that in response to his grievance, he was told that he was scheduled to see the "provider" on November 1, 2007, but his name was not on the sick call list in his dorm. According to Plaintiff, Defendants "Jane Doe" Richardson and "Jane Doe" Wood advised him that the URB denied the medical request concerning Plaintiff's ingrown toenails. Plaintiff claims that Defendant Wood wanted to file his toenails in February 2008, but Plaintiff did not believe this would help. Plaintiff states that Paula Smith, a member of the URB, did not respond to his letter concerning the matter. Plaintiff further alleges that he filed a grievance about being denied medical care and that "Jane Doe (assistant superintendent)" acknowledged the "breakdown" in the medical system, but failed to correct it. He claims his transfer request was denied. Plaintiff contends that the delay and denial of medical treatment is in retaliation for his filing a civil rights action on November 13, 2007 and for his filing other grievances. He claims the ingrown toenails affect his ability to walk to the dining hall and on the yard due to the serious pain.

The deliberate indifference to an inmate's serious medical needs violates the Eighth Amendment prohibition against cruel and unusual punishment. Estelle v. Gamble, 429 U.S. 97, 104

3

(1976). Mere malpractice or negligence in diagnosis or treatment does not state a constitutional claim. Id., at 105-06. Moreover, disagreements between an inmate and medical professionals do not state a claim. See Russell v. Sheffer, 528 F.2d 318, 319 ( 4th Cir. 1975) (per curiam). To constitute cruel and unusual punishment, an inmate's treatment "must be so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." Miltier v. Beorn, 896 F.2d 848, 851 (4th Cir. 1990).

Plaintiff acknowledges that he was treated for his ingrown toenails. However, he disagrees with the URB's decision to deny the requests for additional treatment and for a transfer to receive the treatment. As previously stated, such disagreements do not rise to the level of a constitutional violation. The URB's decision falls within the realm of medical judgment. See Russell, 528 F.2d at 319. The facts provided by Plaintiff indicate that the medical treatment he received was not so grossly inadequate as to give rise to a constitutional violation. Plaintiff's allegations of retaliation and of a conspiracy are merely conclusory and do not state actionable claims. See Adams v. Rice, 40 F.3d 72, 74 (1994). Therefore, these claims are frivolous and Plaintiff's motion to amend and his motion supplement his complaint to add these claims are DENIED.

In his amended complaint, Plaintiff also claims he was assaulted at Mountain View by another inmate after he advised dorm officers that the other inmate refused to help keep the cell clean. Plaintiff alleges he asked to have the inmate removed from the cell, but the officers failed to do so. Plaintiff claims the assault resulted in injuries to his face.

Deliberate indifference on the part of prison officials to a specific known risk of harm states an Eighth Amendment claim. Pressly v. Hutto, 816 F.2d 977, 979 (4th Cir. 1987). Prison officials cannot be held liable unless they know of and disregard an excessive risk to an inmates's health or

4

safety. Farmer v. Brennan, 511 U.S. 1312, 1315 (4th Cir. 1991). Although Plaintiff told prison officials that the inmate who attacked him did not help clean and asked to have the inmate removed from the cell, Plaintiff has not shown that Defendants had prior knowledge that the other inmate would assault Plaintiff. Because Plaintiff's claim fails to show that prison official were deliberately indifferent to a known risk to Plaintiff's safety, this claim is frivolous and the motion to amend to add this claim is DENIED..

Plaintiff raise claims again concerning his mail. These claims were previously addressed in the court's March 17, 2008 order.

Finally, Plaintiff's conclusory allegation that his medication has been delayed for days at a time and interfered with does not state a constitutional claim. See White v. White, 886 F.2d 721, 723 (4th Cir. 1989).

In his motion to amend, Plaintiff concludes that he was never denied medical care, assaulted, or had his mail censored while he was housed at Johnston Correctional Center. Plaintiff's experiences at Mountain View may differ from his experiences at Johnston Correctional Center, but he has failed to show that the alleged different treatment gives rise to a constitutional violation. See Id.

In conclusion, because Plaintiff's claims are frivolous, his second motion to amend and his motion for permission to file a supplemental complaint are DENIED.

### Discovery Motions

Plaintiff has filed a motion for production of documents, a motion for interrogatories and request for production of documents, and a motion for request for admissions. Defendant Mitchell filed a motion for a protective order. Defendant argues that he intends to assert the affirmative

defense of qualified immunity and therefore seeks protection from Plaintiff's discovery requests. For good cause shown, Defendant's motion for a protective order is GRANTED and Defendant need not respond to Plaintiff's current discovery requests. Plaintiff's discovery motions are DENIED.

## Conclusion

Plaintiff's Motions for Default Judgment, Motion to Amend, Motion for Permission to File a Supplemental Complaint, Motion for Production of Documents, Motion for Interrogatories, Motion for Request for Admissions are DENIED; and Defendant's Motion for Protective Order is GRANTED.

SO ORDERED this 4th day of June 2008.

MALCOLM J. HOWARD
Senior United States District Judge

nem